

FILED
SUPERIOR COURT
OF GUAM

2023 JUN -5 PM 1:55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**BERNARD MANIBUSAN BALAJADIA,**<br>DOB: 07/25/1965<br><br>Defendant. | **Criminal Case No. CM0250-21**<br>GPD Report Nos. 21-13700 / 21-13784 / 21-14319<br><br>**DECISION AND ORDER FINDING DEFENDANT NOT IN VIOLATION OF PROBATION AND TO DISMISS AND EXPUNGE THE CASE** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 16, 2023 for a Violation Hearing regarding Bernard Manibusan Balajadia's ("Defendant's") alleged violations of probation. Assistant Attorney General Matthew Shuck represents the People, and Attorney Joshua Walsh represents Defendant. Having duly considered the Violation Reports, testimony presented, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **FINDS DEFENDANT NOT IN VIOLATION OF PROBATION.**

### BACKGROUND

On April 26, 2022, Defendant pled *nolo contendere* to Harassment (as a Petty Misdemeanor) pursuant to a Deferred Plea Agreement. See Order After Hearing (Aug. 3, 2022). An Order After Hearing was entered, imposing the following relevant conditions of probation:

- **STAY AWAY FROM VICTIM:** Defendant shall stay away, directly, and indirectly from Timothy Burrell, and shall not contact the same by telephone, in writing, via email, via text message, through social media, via any electronic device, or through a third-party, including a family member or friend.

- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Timothy Burrell.

Decision and Order Finding Defendant Not in Violation of Probation and to Dismiss and Expunge the Case
CM0250-21, *People of Guam v. Bernard Manibusan Balajadia*
Page 1 of 5

- **HARRASSING OR HARMING VICTIM:** Defendant shall refrain from harassing, annoying, or molesting Timothy Burrell.
- **NO FIREARMS:** Defendant shall stay away from all firearms and other deadly weapons, and is not to possess, carry, transfer, or use any firearms or other deadly weapons.

See *Nolo Contendere* Deferred Plea Agreement (Aug. 3, 2022).

On October 21, 2022, a Violation Report was filed indicating that Defendant had been threatening, harassing, and annoying Timothy Burrell. See 1st Violation Report (Oct. 21, 2022). Mr. Burrell reported that someone had made menacing threats to him while hiding in the jungle near his house. Id. Mr. Burrell recognized it as Defendant's voice, but could not visibly confirm that it was in fact Defendant. Id.

On May 9, 2023, another Violation Report was filed indicating that Defendant was again threatening, harassing, and annoying Timothy Burrell. See Amended 2nd Violation Report (May 9, 2023). Mr. Burrell reported a series of ongoing threats made by Defendant over the past few months. Id. One reported threat was the firing of guns late into the night. Id. Mr. Burrell did not see Defendant fire any of these guns, but attributes the gunfire to Defendant given the location of the shots and close proximity to his house. Id. Another reported threat was that Defendant had instructed Mr. Burrell's neighbor, Glen, to play loud music deep into the night to annoy Mr. Burrell, and to attempt or threaten to steal Mr. Burrell's washing machine. Id. The noise complaints continue, and Mr. Burrell claims that Defendant instructed his neighbors/associates to rev their bike engines late into the night so as to annoy Mr. Burrell. Id. Mr. Burrell also reported destruction to his trees and vehicle tire. Id. Mr. Burrell attributes this destruction to Defendant, but again did not visibly see Defendant commit such acts. Id. Lastly, Mr. Burrell claimed that Defendant tried to contact him over telephone using his old number. Id.

The Court held a hearing on May 16, 2023 to determine whether Defendant was in violation of the conditions of his probation. After hearing the arguments of the parties, the Court took the matter under advisement.

Decision and Order Finding Defendant Not in Violation of Probation and to Dismiss and Expunge the Case
CM0250-21, *People of Guam v. Bernard Manibusan Balajadia*
Page **2** of 5

## DISCUSSION

### I.  Standard for Revocation of Probation:

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

Decision and Order Finding Defendant Not in Violation of Probation and to Dismiss and Expunge the Case
CM0250-21, *People of Guam v. Bernard Manibusan Balajadia*
Page 3 of 5

## II. The Court does not reasonably believe that Defendant violated his probation.

The evidence presented to the Court was not sufficient to reasonably satisfy the Court's belief that a violation of probation actually has occurred. While the Court symphonizes with Mr. Burrell's beliefs that Defendant is the one causing all this harm and anguish towards him, there was no direct evidence presented that Defendant was in fact the one orchestrating such harm. Mr. Burrell testified that he never actually saw Defendant shoot the firearms in question, destroy his trees, pierce his tire, shout menacing threats, or throw rocks at him. See Court Minutes at 2:44:00-2:50:00 (May 16, 2023). Mr. Burrell also never testified to actually hearing Defendant instruct their neighbors to purposefully create loud and disruptive sounds. Id. at 2:40:00-2:45:00.

Any evidence that Defendant was behind the harassing and annoying conduct is completely speculative. There was no direct evidence presented showing that Defendant was in violation of his probationary conditions, and therefore the Court cannot reasonably believe that a violation has occurred.

## III. The case shall be dismissed and expunged because Defendant has otherwise completed all terms and conditions of probation.

The Court was unable to find that a violation of probation has occurred. The Court has also received submission of an Informational Report filed by the Probation Services Division of the Superior Court of Guam, indicating that Defendant has otherwise satisfactorily completed all special terms and conditions of probation pursuant to the terms of the Deferred Plea Agreement entered into on April 26, 2022. See Informational Report (Apr. 3, 2023).

Therefore, **IT IS HEREBY ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE** in its entirety and any and all records relating to the above-numbered case and events described in Guam Police Report Nos. 21-13700 / 21-13784 / 21-14319 whereby Defendant is alleged to have violated the law shall be expunged. All such

Decision and Order Finding Defendant Not in Violation of Probation and to Dismiss and Expunge the Case
CM0250-21, *People of Guam v. Bernard Manibusan Balajadia*
Page 4 of 5

records of the Superior Court, the Office of the Attorney General, and the Guam Police Department shall be sealed to all persons outside of the law enforcement agencies of Guam and federal agencies entitled thereto and such agencies shall refuse to admit the existence of such records to persons not entitled to examine them.

**CONCLUSION**

For the reasons stated above, the Court **finds defendant not in violation of probation and hereby dismisses and expunges the above-captioned case.**

**IT IS SO ORDERED** this ___June 5, 2023___.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Not in Violation of Probation and to Dismiss and Expunge the Case
CM0250-21, *People of Guam v. Bernard Manibusan Balajadia*
Page 5 of 5